IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAFAEL RAMOS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| HEWLETT-PACKARD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rafael Ramos (hereinafter "Ramos" or "Plaintiff"), and files this lawsuit against Defendant Hewlett Packard Company ("HP" or "Defendant"), and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.     <u>Jurisdiction and Venue</u>

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Hewlett-Packard Company is a Delaware corporation, and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.     <u>Parties and Facts</u>

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant as a "technology consultant" from January 2010 – April 23, 2014.

2

7.

Plaintiff was an "employee" of Defendant, as that term has been defined under the FLSA, 29 U.S.C. §203(e).

8.

Throughout his employment with Defendant, Ramos' primary duty was the performance of non-exempt work, specifically serving as a help desk tech support employee assisting Defendant's customers with the use of computer and software products. As such, throughout his employment with Defendant, Plaintiff's primary duty was work directly related to providing HP's products and services to its customers, and Plaintiff's primary duty was not work directly related to the management or general business operations of HP or its customers.

9.

More specifically, from January 1, 2010 to September 2012, Plaintiff was assigned as a tech support employee for a number of HP's federal sector customers and in this capacity Plaintiff's primary duty was to support and maintain computer products for HP's customers by performing the following tasks: assembling and repairing computer equipment, supporting customers by troubleshooting problems with computer equipment, software and applications, and providing tester technicians with technical support.

10.

From September 2012 – April 23, 2014, Plaintiff was assigned as a tech support employee for a number of HP's public sector customers and in this capacity Plaintiff's primary duty was to support and maintain computer products for HP's customers by performing the following tasks: serve as help desk tech support for public sector customers by responding to trouble tickets involving computer hardware, software and application failure, arranging vendors to do on-site repairs of computer hardware and software malfunctions, and assisting in installing computer hardware and software.

11.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

12.

Throughout the period of June 20, 2011 – April 23, 2014 (the relevant time period for this action), Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours he worked over (40).

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Throughout his employment with Defendant, Plaintiff was paid on a salary basis and not paid overtime compensation for hours he worked in excess of (40) in given workweeks.

15.

Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation for hours that he worked in excess of (40) in given workweeks.

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

Throughout his employment with Defendant, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant's violations of the FLSA were willful and in bad faith.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine his wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)    Permit Plaintiff to amend his Complaint add state laws if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted,

This 20th day of June, 2014.

        **BARRETT & FARAHANY, LLP**

        <u>/s/ V. Severin Roberts</u>
        Amanda A. Farahany
        Georgia Bar No. 646135
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorneys for Plaintiff Rafael Ramos

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile